UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLENN MONIZ, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>TIMOTHY HALL, LUIS SPENCER, )<br>MICHAEL LYONS and JULIE DANIELE, )<br>)<br>Defendants. ) | CIVIL ACTION<br>NO. 09-11645-JGD |

# MEMORANDUM OF DECISION ON
# DEFENDANTS' MOTION TO DISMISS

February 7, 2011

DEIN, U.S.M.J.

## I. INTRODUCTION

The plaintiff, Glenn Moniz ("Moniz"), is an inmate lawfully incarcerated at the Massachusetts Correctional Institution at Norfolk ("MCI-Norfolk"). He has brought this *pro se* action pursuant to 42 U.S.C. § 1983 against Timothy Hall ("Hall"), a former Superintendent of MCI-Norfolk; Luis Spencer ("Spencer"), a former Superintendent of MCI-Norfolk; Michael Lyons ("Lyons"), a Disciplinary Hearing Officer; and Julie Daniele ("Daniele"), an attorney for the Department of Correction ("DOC"), in their individual capacities. Moniz contends that the defendants violated his constitutional rights in connection with a September 9, 1999 disciplinary hearing, at which he was found guilty of a disciplinary infraction relating to his use of a government computer. Moniz appealed the guilty finding, and a new hearing was ordered by a Superior Court

judge. Following the second hearing, Moniz was found not-guilty on January 29, 2008. He commenced this action on September 28, 2009.

This matter is presently before the court on the Defendants' Motion to Dismiss (Docket No. 23), by which the defendants are seeking the dismissal of all of Moniz's claims pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons detailed herein, the Motion to Dismiss is ALLOWED.

## II.  STATEMENT OF FACTS

When ruling on a motion to dismiss, the court must accept as true all well-pleaded facts, and give the plaintiff "the benefit of all reasonable inferences." Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999). Where, as here, the plaintiff is proceeding *pro se,* the court must construe his allegations liberally. See Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292, 50 L. Ed. 2d 251 (1976) (a *pro se* complaint, "however inartfully pleaded," must be liberally construed) (citation omitted). Applying these principles to the instant case, the facts relevant to the pending motion to dismiss are as follows.

On September 9, 1999, Moniz had a hearing on Disciplinary Report No. 99-1226 charging him with using a computer for personal use during his employment at MCI Norfolk Industries Cost Office. Complaint (Docket No. 1) ("Compl.") ¶ 9, Ex. 1 at 1. Specifically, but without limitation, Moniz was charged with using the computer for unauthorized games and movies. Id. Ex. 1. Lyons was the Disciplinary Hearing Officer. Id. ¶ 8, Ex. 1 at 2-3. Moniz was found guilty, and he appealed. Compl. ¶ 15. Superin-

tendent Hall affirmed the guilty finding.  Id.  In the instant case, Moniz raises several challenges to the proceeding including, without limitation, his contention that he was deprived of the ability to call staff witnesses or the opportunity to obtain affidavits from them.  Id. ¶ 11.  He also claims that all evidence favorable to him was destroyed, except for one disc which was admitted into evidence without being opened so that its content could be reviewed.  Id. ¶ 13.  Moniz further contends that he had no notice that his actions were prohibited in any way.  Id. ¶ 12.  Moniz contends that as a result of this guilty finding he was transferred to a maximum security facility, and suffered a loss of seniority, single celled housing, back pay and other benefits.  Id. ¶ 17, Ex. 22.

## The Superior Court Action

Following Superintendent Hall's affirmance of the guilty finding, Moniz filed a petition for certiorari review in the Suffolk Superior Court (Civil Action No. 99-5504-A)[1] pursuant to Mass. Gen. Laws ch. 249, § 4.  Compl. ¶ 19, Ex. 6.  Therein he alleged state due process violations and violations of 42 U.S.C. § 1983 in connection with the disciplinary proceedings.  Compl. ¶ 19, Ex. 1.  Attorney Daniele, an Assistant Attorney General, represented the defendants in that action.  Compl. Ex. 6.  In the instant case, Moniz contends that Daniele made various misrepresentations to the court in connection with the state court action, and failed to produce recordings of the disciplinary hearing despite numerous requests, which resulted in him having to file several motions and eventually

---

[1] The defendants were Michael Maloney, Timothy Hall, Michael Braz, Phillip Morris, Brian Springer, Michael Lyons and the DOC.

obtaining an order compelling the production of the tape of the proceeding. See Compl. ¶¶ 22-38, 57-59. In response to the order, Moniz was permitted to listen to the tape, but was not permitted to keep it. Id. ¶ 39.

The parties filed cross-motions for judgment on the pleadings in the Superior Court action. Id. ¶¶ 30-31, Ex. 6 at 5. On March 16, 2007, Moniz's motion was allowed on his state due process claim, and the defendants' motion was allowed on Moniz's claims brought pursuant to 42 U.S.C. § 1983. Id. ¶ 40, Ex. 1 at 1-2, Ex. 6 at 7. Specifically, Superior Court Judge Fahey found that Moniz's state due process rights were violated when he was not permitted to call his supervisor as a witness. Id. Ex. 1 at 6. Moniz contended that his supervisor had authorized him to make the allegedly unauthorized games and movies on the computer for training purposes. Id. Ex. 1 at 3-4. As the court held, "[b]ecause of this defense, which Moniz raised, denying Moniz's request for this one witness, [Sergeant] Ficco, was a violation of his due process rights, of the DOC's regulations, which may have adversely affected Moniz's right to a defense. Therefore, the case must be remanded back to the DOC for further hearings consistent with this decision." Id. Ex. 1 at 6. The court also noted that "no evidence was presented in the record that Moniz was ever notified, prior to his hearing, of the department rule or regulation that he allegedly violated." Id. Ex. 1 at 6 n.5.

Judge Fahey also addressed the claims Moniz had brought pursuant to 42 U.S.C. § 1983. As she described the claims:

> Moniz alleges that: 1) he was denied due process because the agency failed to provide proper documentation for denial of a disciplinary appeal, the disciplinary officer's decision has insufficient evidentiary support, his requested witnesses were refused, and he was punished without a published rule that proscribed his actions; 2) no written explanation of the denial of his administrative appeal was provided; 3) the defendant failed to follow their own regulations, possibly the placement in the departmental segregation unit on awaiting action; 4) the commissioner made a retaliatory transfer to higher security facility. He also seeks monetary damages from the defendants in their individual capacities for the due process violations.

Id. Ex. 1 at 6-7. After consideration of these claims, the Superior Court found that Moniz had failed to establish a violation of his constitutional rights. Id. Ex. 1 at 7.

The parties then engaged in settlement discussions which were not fruitful. See, e.g., id. Exs. 15-16. Moniz sought to gain further access to the tape of the September 1999 hearing, but was informed that the tape could no longer be found. Id. ¶¶ 47-48. As a result, Moniz filed Grievance No. 28195. Id. Ex. 18. The grievance was "partially approved" as the tape could not be located by the Corrections facility. Id. Ex. 20, ¶ 52.

### **The Rehearing on the Grievance**

Moniz was transferred back to MCI-Norfolk on July 29, 2007. Id. ¶ 50. On January 29, 2008, after Moniz had filed a motion for contempt due to delay in holding a hearing in accordance with the Superior Court order, a rehearing was held at MCI-Norfolk. Id. ¶ 53. Moniz was found not guilty as there was insufficient evidence presented to support a guilty finding. Id. Ex. 21. On or about January 31, 2008, Moniz filed Grievance No. 32131 seeking a return to his "former seniority, room status, Industries job, pay rate, lost & destroyed personal property, back wages" and the

expungement of the disciplinary report from his folder.  Id. Ex. 22 & ¶¶ 54-56.  The grievance was denied on February 13, 2008.  Id. Ex. 24.  Superintendent Spencer affirmed the denial of the grievance.  Id. Ex. 25.

On March 31, 2008, Moniz filed a formal complaint against Attorney Daniele before the Massachusetts Board of Bar Overseers challenging her conduct during the Superior Court proceeding including, without limitation, her alleged failure to provide the tape for Moniz's review without a court order, and her alleged failure to advise Moniz that personal property which he had been seeking had not been destroyed as he had been led to believe, but was being stored at MCI-Norfolk at the time.  Id. ¶¶ 57-59.  It appears that this personal property may have been destroyed due to Moniz's failure to claim the property.  See id. Ex. 24.  Thus, Moniz charged that "Daniele (1) did willfully and knowingly mislead the Superior Court by conducting herself in a manner which prejudiced the Pro se prisoner plaintiff, (2) whose actions were derogatory to the fair and swift administration of justice by her misrepresentations of the facts submitted to the Court as being true, (3) and by willfully interfering with plaintiff's rights by withholding access to the September 1999 hearing tape until ordered by the Court to do so."  Id. ¶ 57.  There is no evidence in the record as to the status of the BBO matter.

Additional facts will be provided below where appropriate.

## III. ANALYSIS

### A. Motion to Dismiss Standard of Review

Motions to dismiss under Rule 12(b)(6) test the sufficiency of the pleadings. Thus, when confronted with a motion to dismiss, the court accepts as true all well-pleaded facts and draws all reasonable inferences in favor of the non-moving party. Cooperman, 171 F.3d at 46. Dismissal is only appropriate if the pleadings, so viewed, fail to support "'a plausible entitlement to relief.'" Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 559, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007)).

"Two underlying principles" must guide the court's assessment as to the adequacy of the pleadings to support a claim for relief. Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009). "'First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' Such conclusory statements are 'not entitled to the assumption of truth.'" Id. (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)) (internal citations omitted). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. (quoting Ashcroft, 129 S. Ct. at 1950). "This second principle recognizes that the court's assessment of the pleadings is 'context-specific,' requiring 'the reviewing court to draw on its judicial experience and common sense.' '[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief.'" Id. (quoting Ashcroft, 129 S. Ct. at 1940, 1950) (internal quotations and citation omitted; alterations in original).

### B. Claims Against Timothy Hall and Michael Lyons

Counts I-III of the Complaint challenge the conduct of the defendants Hall and Lyons during the 1999 disciplinary proceeding. Therein, Moniz contends that such conduct violated Moniz's constitutional rights and is actionable pursuant to 42 U.S.C. § 1983. Specifically, in Count I, Moniz challenges the defendants' alleged "violations of departmental regulations regarding the calling of witnesses and the presentation of documentary evidence in a prison disciplinary hearing[.]" Compl. ¶ 72. In Count II, Moniz contends that the defendants violated his constitutional rights in the disciplinary proceeding and appeal by failing to adequately investigate the merits of Moniz's defense and failing to have substantial evidence to support the finding of guilty. Id. ¶ 74. In Count III, Moniz alleges that his constitutional rights were violated because he had not been provided adequate notice of the misconduct charges being brought against him. Id. ¶ 76. As detailed herein, these claims are barred by the doctrine of res judicata and must be dismissed.

#### 1. Res Judicata

"*Res judicata*, also known as claim preclusion, 'makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action.'" Kucharski v. Tribeca Lending

Corp., 620 F. Supp. 2d 147, 150 (D. Mass. 2009) (quoting O'Neill v. City Manager, 428 Mass. 257, 259, 700 N.E.2d 530, 532 (1998)).[2] It is "based on the idea that the precluded litigant had the opportunity and incentive to fully litigate the claim in an earlier action, so that all matters that were or could have been adjudicated in the earlier action on the claim are considered to have been finally settled by the first judgment." In re Sonus Networks, Inc., 499 F.3d at 56. Where, as here, a federal court is asked to determine "the preclusive effect of a Massachusetts state court adjudication, [the] federal court[ ] appl[ies] the Massachusetts law of *res judicata*." Kucharski, 620 F. Supp. 2d at 150. See also Cruz v. Melecio, 204 F.3d 14, 18 (1st Cir. 2000) ("state law, with all its wrinkles, applies in deciding the res judicata effect of a state court judgment in a federal court").

"Under Massachusetts law, *res judicata* requires: '(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits.'" Kucharski, 620 F. Supp. 2d at 150 (quoting Kobrin v. Bd. of Registration in Med., 444 Mass. 837, 843, 832 N.E.2d 628, 634 (2005)). "Massachusetts deems causes of action identical for claim preclusion purposes if they grow out of the same transaction, act, or agreement, and seek redress for the same wrong." Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 52 (1st Cir. 2008) (quotations,

---

[2] "Massachusetts recognizes two kinds of res judicata, claim preclusion and issue preclusion. As the names suggest, claim preclusion operates on the level of the claim, and issue preclusion operates on the level of the issue." In re Sonus Networks, Inc., Shareholder Derivative Litig., 499 F.3d 47, 56 (1st Cir. 2007) (internal citation omitted). In the instant case, the defendants' rely on claim preclusion.

punctuation and citations omitted). This does not mean that the claims in each action must be the same for res judicata to apply. Rather, "[d]iscrete theories of liability may constitute identical causes of action for claim preclusion purposes if they are based on the same nucleus of operative facts." Id. Similarly, the second action is barred if it merely seeks different damages arising out of the same transaction or series of transactions. Bendetson v. Bldg. Inspector of Revere, 36 Mass. App. Ct. 615, 619, 634 N.E.2d 143, 146 (1994), and cases cited.

"Because claim preclusion is an affirmative defense, 'the party asserting it has the burden of establishing the facts necessary to support it.'" Carpenter v. Carpenter, 73 Mass. App. Ct. 732, 738, 901 N.E.2d 694, 699 (2009) (quoting Akinci-Unal v. Unal, 64 Mass. App. Ct. 212, 220, 832 N.E.2d 1, 7 (2005)). Thus, the defendants have the burden of establishing that all three elements have been satisfied. They have met this burden.

Lyons and Hall were parties to Moniz's Superior Court action, so there is identity of the parties. See note 1, supra. In his claim under 42 U.S.C. § 1983 brought in the Superior Court, Moniz challenged the same conduct as he does here, and raised substantially the same constitutional challenges.[3] His present case clearly arises out of

---

[3] Moniz argues that the Superior Court action was only an action pursuant to Mass. Gen. Laws ch. 249, § 4 and that he is not relitigating the same issues. See Plaintiff's Memorandum of Law In Opposition to Defendants' Motion to Dismiss (Docket No. 28) ("Pl.'s Mem.") at 5-6. However, it is clear from the Superior Court's decision that he also brought a claim under 42 U.S.C. § 1983 challenging the 1999 disciplinary proceedings. Furthermore, even if his suit was limited to one "in the nature of certiorari," res judicata would still apply to bar a subsequent § 1983 action arising out of the same transaction. See Casagrande v. Agoritsas, 748 F.2d 47, 48-49 (1st Cir. 1984) (state court action "in the nature of certiorari" challenging procedures used by the Civil Service Commission bars subsequent § 1983 case).

the same transaction that formed the basis of his Superior Court action — the 1999 disciplinary proceeding. See St. Louis v. Baystate Med. Ctr., Inc., 30 Mass. App. Ct. 393, 399, 568 N.E.2d 1181 (1991) ("A claim is the same for res judicata purposes if it is derived from the same transaction or series of connected transactions."). Finally, the Superior Court Judge entered a final judgment on the merits of Moniz's constitutional claims. See O'Brien v. Hanover Ins. Co., 427 Mass. 194, 201, 692 N.E.2d 39, 44 (1998) (under Massachusetts law, "a trial court judgment is final and has preclusive effect regardless of the fact that it is on appeal."). Therefore, all three of the components of the res judicata doctrine have been satisfied, and Moniz's claims against Hall and Lyons are barred.[4]

### C. Claims Against Luis Spencer

In Count IV, Moniz contends that:

> By his actions, defendant Luis Spencer knowingly, willfully, and deliberately refused to treat plaintiff Moniz in the same manner as other prisoners similarly situated after a finding of "NOT GUILTY" is an inmate disciplinary hearing or re-hearing, thus having deprived plaintiff MONIZ of his entitlement to EQUAL PROTECTION as guaranteed by the Fourteenth Amendment to the United States Constitution, as enforceable through Title 42 U.S.C. § 1983.

---

[4] In light of this conclusion, this court will not address the other grounds for dismissal raised by Lyons and Hall, with one exception. Hall contends that he was not properly served. On January 19, 2010 defense counsel, who was already representing the other defendants in this case, filed a "Notice" agreeing to accept service on behalf of Hall. See Docket No. 20. The next pleading was a joint motion to dismiss filed by all the defendants. Docket No. 23. This was the first time that Hall challenged the service (or lack thereof) on him. Since it was unclear from the Notice filed by counsel that counsel expected Moniz to send another copy of pleadings already in counsel's possession, this court is not prepared to dismiss the complaint on the grounds of failure to make timely service.

Compl. ¶ 78. This conclusory allegation is based on Moniz's earlier "factual" allegation that Spencer "failed to follow long-standing policy, departmental regulations, and Equal Treatment under the Fourteenth Amendment to return plaintiff to his former status when he was cleared of wrong-doing in the January 2008 Court Ordered 'rehearing.'" Id. ¶ 65. Moniz further charges "that defendant Spencer informed plaintiff that his Grievance (#32131) (Exh. 22) would have to be settled in Court." Id. ¶ 66. As detailed herein, these conclusory allegations are insufficient to state a claim under 42 U.S.C. § 1983. Moreover, Spencer is entitled to qualified immunity.

### 1. **Sufficiency of the Pleadings**

Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 1870, 104 L. Ed. 2d 443 (1989) (quotations and citation omitted). It states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983. "A claim under section 1983 has two essential elements. First, the challenged conduct must be attributable to a person acting under color of state law, second, the conduct must have worked a denial of rights secured by the Constitution or by federal law." Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir.), cert. denied, 522 U.S.

819, 118 S. Ct. 71, 139 L. Ed. 2d 32 (1997).  In the instant case, there is no dispute that Spencer was acting in his official capacity at all relevant times and was therefore acting under color of state law.  However, Moniz has failed to plead a violation of his constitutional rights.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216, 102 S. Ct. 2382, 2394, 72 L. Ed. 2d 786 (1982)).  "The essence of the Equal Protection Clause is that government should treat similarly situated persons alike."  Street v. Maloney, 991 F.2d 786, 1993 WL 125396, at *4 (1st Cir. Apr. 23, 1993) (unpub. op.).  "Prison administrators confronted with an equal protection claim 'need only demonstrate a rational basis for their distinctions between organization groups.'  Courts must defer to such differentiation unless it is clear that 'the two groups are so similar that discretion has been abused.'  Thus, so long as the prison officials' response is shown to be rationally supported, an equal protection claim must fail."  Id. (internal citations omitted).

To prevail on his equal protection claim, Moniz must first establish that he was subjected to disparate treatment.  See Rasheed v. Comm'r of Corr., 446 Mass. 463, 478, 845 N.E.2d 296, 310 (2006) (equal protection claims fail as a matter of law where record was not sufficient to establish that plaintiff "was subject to disparate treatment, or that

any differences in his treatment were the result of a discriminatory intent"). In the instant case, Moniz simply has made conclusory allegations of an Equal Protection violation and has not provided any factual allegations to support his contention. Conclusory statements that legal rights have been violated are insufficient to state a claim. Maldonado, 568 F.3d at 268. Since Moniz has failed to make show that he was treated differently than others similarly situated, his equal protection claim fails.

### 2. **Qualified Immunity**

Moniz's claim against Spencer must be dismissed for the additional reason that Spencer is entitled to qualified immunity for his decision in the grievance process. Thus, after Moniz prevailed at his rehearing, he filed a grievance challenging the fact that all of his benefits had allegedly not been restored. The Grievance Coordinator found:

> Please be advised that although disciplinary report 99-1226 had been ordered a rehearing for what appeared to be procedural dispute, the initial hearing held in September 1999 appeared to be reasonably decided based upon the evidence (contents of the diskette), the reporting officer's testimony and your own self admission. Additionally, the retraction of your employment and seniority/cell status was a subsequent and appropriate action whereas you were placed into the Special Management Unit. Lastly, the Property Department indicated that your failure to respond to all contraband notifications resulted in disposal.

Compl. Ex. 24. In affirming this decision on appeal, Spencer wrote:

> Please be advised that I concur with the IGC's decision. Although a rehearing was ordered and the original findings overturned, you are not necessarily entitled to back pay for a job not performed, placement within a single cell and/or employment at prior pay rate.

Id. Ex. 25.  It does not appear that Moniz appealed this decision to the Superior Court as provided for by Mass. Gen. Laws ch. 249, § 4.  Rather, he brought the instant case claiming that, in denying his grievance, Spencer violated his constitutional Equal Protection rights.  However, even assuming, arguendo, that Moniz has stated an claim of a violation of his Equal Protection rights, Spencer is entitled to qualified immunity for his decision.[5]

As the court held in Anderson v. Creighton, 483 U.S. 635, 107 S. Ct. 3034, 97 L. Ed. 2d 523 (1987):

> When government officials abuse their offices, actions for damages may offer the only realistic avenue for vindication of constitutional guarantees.  On the other hand, permitting damages suits against government officials can entail substantial social costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties.  Our cases have accommodated these conflicting concerns by generally providing government officials performing discretionary functions with a qualified immunity, shielding them from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.

Id. at 638, 107 S. Ct. at 3038 (internal quotations and citations omitted).  Thus, "what matters is whether in the circumstances faced by the official, he should reasonably have understood that this conduct violated clearly established law." Ringuette v. City of Fall

---

[5]  In determining "whether qualified immunity shields a government official from liability" the court, at the motion to dismiss stage, first considers "whether plaintiff's allegations, taken as true, establish the violation of a constitutional right[.]"  Sanchez v. Pereira-Castillo, 590 F.3d 31, 52 (1st Cir. 2009).  Accord Raiche v. Pietroski, 623 F.3d 30, 35 (1st Cir. 2010).  Therefore, Moniz's failure to state a claim of a violation of his Equal Protection rights is, in and of itself, fatal to his claim against Spencer.

River, 146 F.3d 1, 5 (1st Cir. 1998). "This qualified immunity standard leaves 'ample room for mistaken judgments." Id. (quoting Malley v. Briggs, 475 U.S. 335, 343, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986)). Here, there are no allegations other than that Spencer may have made an incorrect decision in the grievance process, which, if true, could have been resolved in a petition for certiorari appealing the denial of the grievance. See Pidge v. Superintendent MCI-Cedar Junction, 32 Mass App Ct. 14, 17, 584 N.E.2d 1145, 1148 (1992) ("Inmates challenging alleged improprieties in prison disciplinary proceedings under State law must proceed by way of an action in the nature of certiorari."). He is still entitled to qualified immunity for a wrong decision.

Similarly, even assuming Spencer's decision was not made in accordance with applicable rules and regulations, "it does not follow that such failure . . . is in violation of the United States Constitution or Federal law." Henderson v. Comm'rs of Barnstable Cnty., 49 Mass. App. Ct. 455, 462, 730 N.E.2d 362, 369 (2000) (failure to follow state regulations in revoking good time credit did not result in a constitutional violation). Here, Moniz has failed to assert facts which establish that under the circumstances presented Spencer's conduct was objectively unreasonable and in violation of Moniz's constitutional rights. Spencer participated in the grievance procedure, reviewed the record, made a determination and explained his decision. Under such circumstances, even assuming Spencer was wrong, he did not violate Moniz's constitutional rights. Therefore, the claim against Spencer must be dismissed.

    D.    **Claims Against Julie Daniele**

-16-

Count V of the Complaint purports to state a claim against the DOC's counsel in the Superior Court, Julie Daniele. Thus, Moniz contends:

> By her continued actions and practices, defendant Julie Daniele knowingly, deliberately, and willfully impeded the judicial process by the withholding of evidence and for presenting knowingly false statements to a Court of Law as being true and factual, thus having violated plaintiff MONIZ's rights as guaranteed to him by the First and Sixth Amendments to the United States Constitution, as well as, a violation of plaintiff MONIZ's rights to EQUAL PROTECTION under the Law as guaranteed him by the Fourteenth Amendment to the United States Constitution, as enforceable through Title 42 U.S.C. § 1983.

Compl. ¶ 80. This claim must be dismissed because, as counsel, Daniele is protected by absolute immunity.

### 1. Absolute Immunity

Pursuant to Mass. Gen. Laws ch. 12, § 3, departments of the Commonwealth are represented "by the attorney general or under his direction." Daniele, as an attorney in the Legal Division of the DOC, "was acting under an appointment from the Attorney General[.]" Defendants' Memorandum of Law In Support of Their Motion to Dismiss (Docket No. 24) ("Defs. Mem.") at 7.[6] "[T]o protect the integrity of the judicial system, prosecutors are absolutely immune from civil rights suits for those activities closely related to the judicial phase of a criminal proceeding, or involving the skills or judgment

---

[6] There is no evidence or factual allegation to support Moniz's argument that Daniele was not properly appointed and, therefore, was not entitled to immunity. Contrast Cooper v. Parrish, 203 F.3d 937, 950-51 (6th Cir. 2000) (no statutory authority to justify "informal" appointment of an attorney to act on behalf of the state, or for "formal" appointment with compensation to come from private sources).

of an advocate." Dinsdale v. Commonwealth, 424 Mass. 176, 180, 675 N.E.2d 374, 377 (1997) (applying absolute immunity to assistant attorneys general). The doctrine of absolute immunity extends "to government attorneys in their conduct of civil litigation as well." Id. Since all of Moniz's challenges relate to Daniele's conduct as an attorney during the course of the Superior Court case, she is granted absolute immunity, regardless as to how she conducted the trial.[7] See Van de Kamp v. Goldstein, 129 S. Ct. 855, 861, 172 L. Ed. 2d 706 (2009) (prosecutor has absolute immunity for conduct "intimately associated with the judicial phase of the criminal process") (internal citation omitted); Imbler v. Pachtman, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976) ("in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983").

## IV. **CONCLUSION**

For all the reasons detailed herein, the Defendants' Motion to Dismiss (Docket No. 23) is ALLOWED.

    / s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge

---

[7] Although entitled to absolute immunity, government attorneys "are still subject to other checks whereby an abuse of authority may be redressed, such as sanctions in the underlying case, contempt, or bar disciplinary proceedings." Dinsdale, 424 Mass. at 181, 675 N.E.2d at 378. Thus, even accepting Moniz's allegations concerning Daniele's conduct as true, which the court must do at the motion to dismiss stage, Daniele is still entitled to absolute immunity.